UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| GEORGE R. JARKESY, JR., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Defendant. ) | Case No. 3:22-cv-405 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs GEORGE R. JARKESY, Jr., for his complaint against Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to one FOIA request, following SEC's failure to comply with the express terms of FOIA. This includes SEC's failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), and SEC's constructive and actual withholding of responsive information in violation of Defendant's obligations.

## PARTIES

2. Plaintiff George Jarkesy, Jr. is an adult citizen, domiciliary, and resident of Texas and of the United States. He resides in Tomball, Harris County, Texas, and has been wrongfully prosecuted by SEC. See, e.g., *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), petition for rehearing denied at *Jarkesy v. SEC*, No. 20-61007, 2022 U.S. App. LEXIS 29433 (5th Cir. Oct. 21, 2022).

3. Defendant Securities and Exchange Commission ("SEC") is an independent federal commission. It is an "agency" as the term is defined in the FOIA and in relevant precedent. The Defendant professes that the "mission of the SEC is to protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation." Its headquarters is located in Washington, DC, and it maintains a regional office in Fort Worth, Texas.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because George Jarkesy is a resident of this District.

6. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

7. Plaintiff has no obligation to further exhaust administrative remedies with respect to his FOIA request. See, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement in similar circumstances).

## PLAINTIFF'S FOIA REQUEST

8. On September 9, 2022,[1] Plaintiff submitted a request to Defendant seeking certain described information pertaining to a "control deficiency" that SEC had learned of in the Fall of 2021,

---

[1] The request was erroneously dated "September 9, 2020." Defendant SEC asserts in Exhibit B that the request was actually dated September 10, 2022 and received on September 12, 2022. The

and which it publicly acknowledged on April 5, 2022. The underlying "control deficiency" involved SEC's discovery that enforcement personnel could have accessed, and according to the SEC did access, documents stored in the administrative adjudications system and documents of the Commission's Administrative Law Judges ("ALJs") and their staff. A true and correct copy of the Plaintiff's FOIA request at issue in this suit is attached hereto and incorporated by reference herein as Exhibit A.

9. Plaintiff also requested waiver of his fees pursuant to FOIA on the basis of, inter alia, the public interest in the information requested.

10. On September 12, 2022, Defendant acknowledged this request assigning it number 22-02854-FOIA and denied Plaintiff's request for fee waiver. A true and correct copy of SEC's September 12, 2022 correspondence as attached hereto and incorporated by reference herein as Exhibit B.

11. SEC's purported denial of the fee waiver is now a moot issue as a matter of law for reasons described herein below, including SEC's failure to make a timely "determination" and failure to comply with other FOIA deadlines.

12. Plaintiff has taken measures, in writing through his counsel, to remind SEC of its legal obligations and to bring SEC into compliance with the law without recourse to litigation. Nonetheless, SEC has remained out of compliance with the law.

13. Defendant has not provided any substantive response to Plaintiff's request or Plaintiff's inquiries through counsel. Nor has SEC made any request for further information from

---

discrepancies in the dates are legally irrelevant, however, for reasons more fully set forth elsewhere in this Complaint, including, *inter alia*, ¶18 *et seq*.

Plaintiff whatsoever in an attempt to expeditiously or lawfully comply with SEC's FOIA obligations. Nor has SEC provided any "determination."

14. By its inaction and failure to promptly process the request or make a determination, Defendant has improperly withheld records in response to the plaintiff's request in violation of FOIA.

15. The FOIA provides that a requesting party is entitled to a substantive agency response on the information requested within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

16. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the Commission's receipt of the requester's response to the Commission's request for information or clarification ends the tolling period. Neither tolling scenario applies under the facts in this case.

17. Even resolving all date discrepancies in SEC's favor and assuming the Plaintiff's request was received by SEC on September 12, 2022, SEC owed Plaintiffs a "*CREW*" response to his request, including a "determination" as that term is defined

in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), on or about October 11, 2022. Making a further assumption in SEC's favor that "unusual circumstances" precluded a response by that date, such a "*CREW*" response would have been due on or about October 25, 2022.

18. As of the date of this filing, SEC has still failed to provide Plaintiff with a "*CREW*" response to his FOIA request.

19. By failing to provide any substantive response or "determination" with respect to the request, as that term is defined in the Freedom of Information Act and as explained by the D.C. Circuit in *CREW v. Federal Election Commission*, 711 F.3d 180, SEC has waived any ability to obtain fees for processing this request.

20. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) the Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with any of FOIA's deadline requirements… To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

21. SEC is now past its statutory period for issuing such determinations on the above-described request without providing any substantive response to Plaintiff's request. Among the consequences of SEC's violations of the statutory time limits of FOIA, is that SEC cannot now seek fees.

22. SEC's continuing failure to respond to the Plaintiff's FOIA request in a timely, proper, or lawful manner includes its failure to provide a timely or lawful "determination" within the meaning of the Freedom of Information Act and the precedents interpreting it.

23. Defendant SEC is thereby in violation of FOIA as pertains to the Plaintiff's FOIA request.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

24. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

26. Plaintiff has a statutory right to the information he seeks, and Defendant has unlawfully withheld the information.

27. Plaintiff is not required to further pursue administrative remedies.

28. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to his FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. SEC's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy SEC's obligations under FOIA;

    c. SEC must now "promptly" produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

29. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein without cost.

31. Plaintiff is entitled to injunctive relief compelling Defendant to grant the Plaintiff's request for a fee waiver or, alternatively, is entitled to an injunction barring SEC from collecting or attempting to collect fees for processing the request at issue.

32. Plaintiff ask the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the Plaintiff.

33. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to SEC's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

34. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

35. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case brought under the FOIA in which the complainant has substantially prevailed.

36. This Court should enter an injunction or other appropriate order requiring the Defendant to pay any and all reasonable attorney fees and other litigation costs reasonably incurred by Plaintiff in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, by failing to grant Plaintiff's request for a fee waiver, and/or by failing to notify Plaintiff of final determinations within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq.* and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order at no cost to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 23rd day of November, 2022,

        GEORGE R. JARKESY, JR.

        By Counsel:

        /s/Matthew D. Hardin
        Matthew D. Hardin, D.C. Bar No. 1032711[2]
        Hardin Law Office
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 802-1948
        E-mail: MatthewDHardin@protonmail.com

        Christopher Cochran Horner, D.C. Bar #440107[3]
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 262-4458
        E-mail: chris@chornerlaw.com

        S. Michael McColloch
        S. MICHAEL MCCOLLOCH, PLLC
        6060 N. Central Expressway, Suite 500
        Dallas, Texas 75206
        Phone: (214) 643-6055
        E-mail: smm@mccolloch-law.com

        Karen Cook
        KAREN COOK, PLLC
        6060 N. Central Expressway, Suite 500
        Dallas, Texas 75206
        Phone: (214) 643-6054
        E-mail: karen@karencooklaw.com

---

[2] S.D. Tex. ID No. 3791459.
[3] S.D. Tex. ID No. 3793019.